UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| HOWARD BELL, ) | |
| ) | |
| Plaintiff, ) | Case No.:_____ |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| UNITED STATES OF AMERICA, ) | Personal Injury Action Under the |
| ) | Federal Tort Claims Act |
| and ) | (*28 U.S.C. § 1346(b)*) |
| ) | And common law negligence pursuant to |
| ROSETTA BELL, ) | 28 U.S.C. §1367 |
| ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Howard Bell, hereby complains of the United States of America and Rosetta Bell (Defendants) and would respectfully show the Court the following:

## PART I

### PARTIES, JURISDICTION, SERVICE OF PROCESS AND VENUE

1. This is a case arising out of bodily injuries sustained by Howard Bell (Plaintiff) caused by the driver of a United States Postal Service (USPS) Truck; and/or were caused by a vehicle negligently driven by a private citizen and/or resulting from the combined and concurring negligence of both drivers.

2. Plaintiff Howard Bell resides in Newport News, Virginia, within the jurisdiction of this Court and at all times pertinent hereto was a passenger in a vehicle that was driven by Rosetta Bell (Defendant or Bell).

3. The other vehicle was a truck owned by the USPS and driven by an employee who was acting within the scope of her employment.

4. This Federal District Court has jurisdiction of this cause as this action is brought pursuant to and in compliance with 28 U.S.C. §§1346(b), 2671-2680, *et seq.*, commonly known as the "Federal Tort Claims Act," and 39 U.S.C. §409(c) which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

5. This Federal District Court also has jurisdiction over Plaintiff's state law negligence claims against Defendant Rosetta Bell pursuant to 28 U.S.C. §1367, which grants District Courts supplemental jurisdiction when state law claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Here, Plaintiff's state law claims arise from the same accident that forms the basis of Plaintiff's claims under the Federal Tort Claims Act.

6. The United State of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and of the Complaint on the United States Attorney Raj Parekh, Acting United States Attorney for the Eastern District of Virginia, by certified mail, return receipt requested at his office, United States Attorney, Eastern District of Virginia, Fountain Plaza Three, Suite 300, 721 Lakefront Commons, Newport News, Virginia 23606, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiff's Original Complaint on Merrick Garland, Attorney General of the United States, by certified mail, return receipt requested at the Office of the Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, to the attention of the Civil Process Clerk.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(e), and 28 U.S.C. §1402(b), as the United States is a Defendant and Plaintiff resides in this district and has his

domicile in this district. Further, venue is proper in this district pursuant to 28 U.S.C. §1391(e) and §1402(b) as the United States is a Defendant and a substantial part of the events or omissions giving rise to the claim occurred in this district. Finally, Defendant Rosetta Bell resides in this district and has her domicile in this district.

## PART II

## LIABILITY OF THE UNITED STATES OF AMERICA AND DEFENDANT BELL

8. Paragraphs 1-7 are realleged as though fully stated herein.

9. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§ 2671-2680, commonly referred to as the "Federal Tort Claims Act," and 39 U.S.C. §§ 101, et seq., commonly referred to as the "Postal Reorganization Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§1346(b)(1) and 2674 and 39 U.S.C. §409 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and omissions of employees of the United States of America working for the United States Postal Service in Newport News, Virginia, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

10. This case is also commenced and prosecuted against Bell pursuant to common law negligence. As will be detailed herein, the collision was a proximate result of the combined and concurring negligence and/or gross negligence of the Defendants in the way both operated their vehicles.[1]

---

[1] Plaintiff filed suit in the Circuit Court for the City of Newport News against the driver of the USPS truck, Simone Wilson, and against the driver of Plaintiff's vehicle, Rosetta Bell in order to preserve the Plaintiff's statute of

## PART III

### JURISDICTIONAL PREREQUISITES (FTCA claim)

11. Paragraphs 1-10 are realleged as though fully stated herein.

12. Plaintiff pleads pursuant to Title 28 U.S.C. §§2672 and 2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency the United States Postal Service on or about May 26, 2020. More than six (6) months have passed since Plaintiff's claims were presented, and the United States Postal Service has failed to resolve the claims. Accordingly, all claims are deemed denied and Plaintiff has complied with all jurisdictional prerequisites and conditions required for the commencement and prosecution of this litigation.

## PART IV

### THE UNITED STATES POSTAL SERVICE IS AN AGENCY OF THE UNITED STATES OF AMERICA

13. Paragraphs 1-12 are realleged as though fully stated herein.

14. The United States Postal Service is an agency of the United States of America. The United States Postal Service is an "independent establishment of the executive branch of the Government of the United States." 39 U.S.C. §201. The United States of America, Defendant here, through its agency, the United States Postal Service, at all times material hereto, owned, operated, and controlled the United States Postal offices in Newport News, Virginia and staffed said facilities and vehicles with its agents, servants, and/or employees.

---

limitations against the drivers  That matter, styled *Howard Bell v. Rosetta Bell and Simone Wilson*, CL2005936T-01, was filed in that court on November 13, 2020. Plaintiff was forced to file an action in state court as this Court did not yet have jurisdiction over Plaintiff's claims, as six months had not passed since the USPS was made aware of Plaintiff's claims. Thus, the state forum was the only venue available for Plaintiff's claims. Plaintiff did not request service of this action, and will seek to excise redundant parts of his claim at the appropriate juncture should this Court exercise supplemental jurisdiction over Plaintiff's state law claims.

## PART V

### EMPLOYMENT, COURSE AND SCOPE OF EMPLOYMENT

15. Paragraphs 1-14 are realleged as though fully stated herein.

16. At all times material hereto, all persons involved in supervising and operating the United States Postal vehicle in question were agents, servants, and/or employees of the United States of America, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

## PART VI

### FACTS

17. Paragraphs 1-16 are realleged as though fully stated herein.

18. This is a Federal Tort Claims Action and common law motor vehicle negligence action for monetary damages sustained by the Plaintiff resulting from personal injuries to Plaintiff because of the negligent operation of a United States Postal Service vehicle and because of the negligent operation of the vehicle in which Plaintiff was a passenger.

19. This claim arises from a motor vehicle collision that occurred on or about November 20, 2018, at approximately 6:25 p.m., on Aberdeen Road, wherein an employee of the USPS working within the course and scope of her employment with the USPS, and operating a USPS vehicle, negligently caused an accident that resulted in personal injuries and damages to Plaintiff. Mr. Bell, a passenger in a vehicle being driven by Rosetta Bell, was travelling west on Aberdeen Road when the USPS truck (Grumman model) swerved into the same lane of the vehicle driven by Rosetta Bell, causing the two vehicles to collide with great impact.

20. The USPS employee's failure to exercise reasonable and ordinary care in operating a USPS vehicle on or about November 20, 2018, caused a collision between a USPS truck and a personal vehicle in which Mr. Bell was a passenger. The driver of Mr. Bell's vehicle alleges that she was lawfully operating her vehicle and otherwise exercising ordinary and reasonable care at the time of the collision, and that the USPS driver failed to yield the right-of-way when entering a lane of travel and caused the collision.

21. At the same time and place, Plaintiff Howard Bell who was a passenger in the vehicle being negligently driven by Defendant Rosetta Bell, who was also operating her vehicle on Aberdeen Road travelling west, near the intersection with Mercury Blvd. in the City of Hampton. At such time, Defendant Bell swerved into the lane in which Defendant Wilson was driving her vehicle.

22. The collision was a proximate result of the combined and concurring negligence and/or gross negligence of the Defendants in the way both operated their vehicles.

23. As a direct and result of Defendants' negligence, Plaintiff received serious and permanent injuries and an aggravation of an underlying condition, including but not limited to an injury to his shoulder resulting from it being slammed against the right window of the vehicle, which ultimately required shoulder replacement surgery after conservative measures failed to alleviate his pain. Mr. Bell's injuries have caused him serious pain and mental suffering and have severely limited his ability to perform activities of daily living.

## PART VII

### CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

24. Paragraphs 1-23 are realleged as though fully stated herein.

25. Defendant, the United States of America, by and through its employee and/or agent, was negligent in one or more of the following respects:

    a. Failure to yield the right of way while entering the lane of travel;

    b. Failing to yield the right-of-way;

    c. Failing to maintain proper and safe control of the vehicle;

    d. Failure to keep a proper lookout;

    e. Failure to apply their brakes in time to avoid a collision;

    f. Exceeding the safe speed for the conditions on the highway at the time of the collision;

    g. Failure to maintain her vehicle in its proper lane;

    h. Operating their vehicles in such a reckless manner thus causing a collision, which in turn caused serious injuries to the Plaintiff;

    i. Failure to drive in the appropriate lane of travel.

26. At all times mentioned herein, the employee, agent, and/or representative of the United States Government was negligent, and caused the injuries and damages sustained by the Plaintiff.

## PART VIII

### CAUSE OF ACTION AGAINST ROSETTA BELL

27. Paragraphs 1-26 are realleged as though fully stated herein.

28. Defendant Rosetta Bell was negligent in one or more of the following respects:

    a. Failure to yield the right of way while entering the lane of travel;

    b.    Failing to yield the right-of-way;

    c.    Failing to maintain proper and safe control of the vehicle;

    d.    Failure to keep a proper lookout;

    e.    Failure to apply their brakes in time to avoid a collision;

    f.    Exceeding the safe speed for the conditions on the highway at the time of the collision;

    g.    Failure to maintain her vehicle in its proper lane;

    h.    Operating her vehicles in such a reckless manner thus causing a collision, which in turn caused serious injuries to the Plaintiff;

    i.    Failure to drive in the appropriate lane of travel.

## PART IX

### DAMAGES

29. Paragraphs 1-28 are realleged as though fully stated herein.

30. As a direct and proximate result of the combined and concurring negligence or omissions of Defendants as described above, Plaintiff suffered injuries which would not otherwise have occurred. Plaintiff hereby pleads for all damages available under Virginia state law, federal law and equity, including but not limited to, past and future physical pain and suffering; aggravation of a pre-existing conditions; past and future mental anguish; suffering humiliation and emotional distress; past and future impairment and disability; past and future physical disfigurement; past and future interference with his normal and usual activities; past and future household services; past and future reasonable charges for necessary medical care, nursing, hospital, rehabilitation services, custodial care, health care, supplies, attendant care expenses, and other health services; and out of pocket expenses.

## PART X

## PRAYER FOR RELIEF

31. Paragraphs 1-30 are realleged as though fully stated herein.

32. Plaintiff requests that Defendants be cited in terms of law to appear and answer herein; that Plaintiff have judgment against Defendants, jointly and severally, for damages in the sum of FOUR HUNDRED AND FIFTY THOUSAND AND 00/100 DOLLARS ($450,000.00) and all other damages under applicable federal and state law to which they are entitled; for pre- judgment interest at the applicable legal rate from January 28, 2018; for all recoverable court costs incurred in this litigation; and for such other and further relief to which Plaintiff may show himself entitled.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

_____
Howard P. Smith (VSB No. 12350)
David B. Holt (VSB No. 65564)
Counsel for Plaintiff
**SMITH LAW CENTER**
27 W. Queens Way, Suite 300
Hampton, VA 23669
Telephone: (757) 244-7000
Facsimile: (757) 244-7046
Email: hsmith@smithlawcenter.com
Email: dholt@smithlawcenter.com